UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLLEEN DUBOFF, an individual,
        Plaintiff,

Civil No. 05-407-ST

v.

O R D E R

RENTCOLLECT CORPORATION,
a Washington corporation; JOHN DOES
1-10; DOES 1-10,
        Defendants.

HAGGERTY, Chief Judge:

On December 9, 2005, Magistrate Judge Stewart issued a Findings and Recommendation [34] determining the proper award of attorney fees in this matter. Objections to the Findings and Recommendation were filed by plaintiff, and the matter was referred to this court for review.

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1 -- ORDER

Plaintiff filed objections in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the record of the case. The objections are denied, and the Findings and Recommendation is adopted.

BACKGROUND

The Magistrate Judge reviewed the relevant facts of this case thoroughly in the Findings and Recommendation and the background and her legal reasoning need be recited only briefly. Plaintiff filed this action on March 23, 2005, alleging that on February 16, 2005, defendant Rentcollect contacted plaintiff's employer in an attempt to obtain assistance in collecting a debt plaintiff owed. Subsequently, plaintiff asserted claims against Rentcollect and other unnamed defendants alleging violations of the Fair Debt Collections Practices Act and the Oregon Unlawful Debt Collections Practices Act.

On March 24, 2005, plaintiff's father, who represented plaintiff as her attorney, contacted counsel for defendant. Correspondence between counsel reveals that plaintiff's counsel initially offered to settle this suit for $5,000, and then doubled that settlement offer when defense counsel called back asking for an opportunity to review information pertaining to plaintiff's allegations.

A fair and objective reading of the counsel's correspondence during the Spring of 2005, which summarizes counsel's communications with one another, makes plain that (1) plaintiff claimed to defendant that she possessed a recording of defendant's telephone call to plaintiff's employer; (2) defendant expressed a willingness to resolve the matter if defendant could first be given an opportunity to review the information plaintiff claimed to possess; and (3) plaintiff refused to allow the defense counsel to review the information and instead embarked upon a strategy of profoundly zealous, aggressive representation that included rapid increases in

settlement offers with short deadlines, criticisms of defendant's responses, disputes about which party was more rude in telephonic exchanges between plaintiff's counsel and defense counsel's receptionist, and even a reference from plaintiff's counsel about once being defendant counsel's teacher. *See* Affidavit of Theodore Brindle in Opposition to Bill of Costs, Exs. 1-16 (correspondence between Theodore Brindle and Leonard Duboff from Match 24, 2005 through May 16, 2005).

The parties settled, eventually, and the Judgment included an award for reasonable costs and fees. *See* Judgment entered September 6, 2005 [21]. Plaintiff then submitted a Bill of Costs [22] and a Motion for Attorney Fees [25], and the parties proceeded to brief the issue of reasonableness regarding the fees and costs listed. Plaintiff's Bill of Costs sought costs of $1,425.04. Plaintiff's Motion for Attorney Fees sought an award of $27,571.00. The Findings and Recommendation concluded that the Bill of Costs should be taxed in the reduced sum of $260.35 and Motion for Attorney Fees should be granted in the reduced sum of $6,827.50.

ANALYSIS

Plaintiff objects to the Findings and Recommendation, challenging generally the Magistrate Judge's thoroughness in her determinations of the propriety of plaintiff's claimed hours and costs. This court has given the entire record a *de novo* review and concludes that the Findings and Recommendation provided a complete, "concise but clear" indication of the basis for its evaluation of plaintiff's fees and costs claims in accordance with the appropriate standards enunciated by the Ninth Circuit in *Ferland v. Conrad Credit Corporation*, 244 F.3d 1145, (9th Cir. 2001) and other authorities.

Specifically, the record of this litigation fails to support plaintiff's allegations that costs and fees were increased because of defendant's "procedural recalcitrance and 'hands off' style." Pl.'s

Objections at 4.  Instead, as reviewed thoroughly in the Findings and Recommendation, the dispute being litigated in this matter was simple, and plaintiff's claims of extensive research hours were never adequately explained or justified.  Findings and Recommendation at 6.  Plaintiff also claimed hours for a motion to compel that was excessive "by any calculation." *Id*.  The Findings and Recommendation then offered specific, detailed explanations for its conclusions that plaintiff was not entitled to nearly $30,000 in fees and costs in this matter.  The reasoning provided for reducing these claims surpasses the standards requiring independent evaluation and clear explanations asked for by the Ninth Circuit.  *Ferland*, 244 F.3d at 1151.

Plaintiff's objection that the case was unlikely to settle and that defendant failed to "serve any requests for production" until three and a half months after learning of the recording plaintiff alleged she possessed, Objections at 6, is almost frivolous in its disregard of the fact that counsel requested an opportunity to review that recording repeatedly, from the very first contact defendant had with plaintiff's counsel.  Plainly, plaintiff's subsequent supposition that the chances for settlement would have been "small" even if plaintiff had cooperated with some degree of professional courtesy is unsupported by the record.  *Id*.

The record instead makes clear, as the Findings and Recommendation recognized, that defendant remained eager to negotiate a fair settlement and reduce litigation costs from the outset.  Findings and Recommendation at 8.  The Findings and Recommendation's subsequent exercise of evaluating the costs and fees requested and explaining appropriate reductions is sound and fully and fairly explained in accordance with applicable legal authorities.

CONCLUSION

For the reasons provided above, the Findings and Recommendation [34] in this matter is adopted in its entirety.  Plaintiff's Bill of Costs [22] and Motion for Attorney Fees [25] are granted in part as follows and in full accordance with the Findings and Recommendation: the Bill of Costs is taxed in the reduced sum of $260.35 and Motion for Attorney Fees is granted in the reduced sum of $6,827.50.

IT IS SO ORDERED.

Dated this  6  day of February, 2006.


     /s/Ancer L.Haggerty
     Ancer L. Haggerty
     United States District Judge